## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GENE C. SCHAERR,
17502 Bowie Mill Rd
Rockville, MD 20855,

               Plaintiff,

     v.

UNITED STATES DEPARTMENT OF
JUSTICE,
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001,

OFFICE OF THE DIRECTOR OF
NATIONAL INTELLIGENCE,
Washington, DC 20511,

NATIONAL SECURITY AGENCY,
9800 Savage Road
Fort Meade, MD 20755,

CENTRAL INTELLIGENCE AGENCY,
Washington, D.C. 20505,

UNITED STATES DEPARTMENT OF
STATE,
2201 C St NW
Washington, DC 20520,

               Defendants

**COMPLAINT**

No. 1:18-cv-575

## Introduction

1.    This Freedom of Information Act (FOIA) suit seeks records from Defendants the United States Department of Justice, the Office of the Director of National Intelligence, the National Security Agency, the Central Intelligence Agency, and the United States Department of State. *See* 5 U.S.C. § 552.  These records and

the information they contain are necessary to answer a question of national significance:  Were members of President Donald Trump's campaign or transition teams illegally "unmasked" by the previous administration? Reports by both media and eyewitnesses suggest the answer, shockingly, may be "yes," despite the universally accepted principle that unmasking is justified only to protect national security and *never* to target political opponents.

2.      To answer this pressing question more fully on behalf of an unnamed client, Plaintiff Gene C. Schaerr requested records under FOIA as early as July 13, 2017.  But he has not received a complete substantive response from any of the six agencies as required by law.  He brings suit to compel that response.

## Jurisdiction and Venue

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.  It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, and award costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

4.      Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

## Parties

5.      Plaintiff Schaerr is a Washington D.C. attorney. Mr. Schaerr represents a client involved in the Trump presidential campaign and transition who wishes to remain anonymous at present.

6.     Defendant Department of Justice is a Department of the Executive Branch of the United States Government.  The Department has possession, custody, and control of records to which Plaintiff seeks access. Additionally, the Federal Bureau of Investigation (FBI) is an agency within Defendant the Department of Justice. The FBI has possession, custody, and control of records to which Plaintiff seeks access.

7.     Defendant Office of the Director of National Intelligence (DNI Office) is, as its name suggests, the office of the Director of National Intelligence. The Director is a cabinet-level position. The Office has possession, custody, and control of records to which Plaintiff seeks access.

8.     Defendant National Security Agency (NSA) is an agency within the Department of Defense. The NSA has possession, custody, and control of records to which Plaintiff seeks access.

9.     Defendant Central Intelligence Agency (CIA) is an agency of the Executive Branch. The CIA has possession, custody, and control of records to which Plaintiff seeks access.

10.    Defendant Department of State is a Department of the Executive Branch of the United States Government.  The Department has possession, custody, and control of records to which Plaintiff seeks access.

## Facts

11.    FOIA requires federal agencies, including Defendants, to "promptly" release agency records upon request to any member of the public.  5 U.S.C. § 552 (a)(3); *see also* 5 U.S.C. § 552(f)(1) (definition of agency).  If the records fall under a

statutory exemption or are excluded from FOIA, the agency may deny the request. *See* 5 U.S.C. § 552(b)(1)-(9) (exemptions); *id.* § 552(c)(1)-(3) (exclusions).

12.    Plaintiff's requests in this case concern the Defendants' use of the Foreign Intelligence Surveillance Act of 1978 (FISA).[1] Section 702 of FISA ("Section 702") empowers the Attorney General and the Director of National Intelligence to jointly authorize "the targeting of persons reasonably believed to be located *outside* the United States to acquire foreign intelligence information." 50 U.S.C. § 1881a(a) (emphasis added). Section 702 expressly forbids use of this surveillance process to target persons who are either "United States persons" or located "inside the United States." *Id.* at 1881a(b).

13.    The principal agencies that collect and use Section 702 surveillance information are the FBI, the NSA, and the CIA. Those three agencies have distinct areas of responsibility.

14.    The FBI collects data on outgoing communications, *i.e.*, from persons in the United States to persons outside the United States.

15.    The NSA collects data on incoming communications, *i.e.*, from persons outside the United States to persons inside the United States.

16.    The CIA, like the FBI and NSA, analyzes the information that comes from the FBI's and NSA's data collection. Unlike the other agencies, the CIA uses the information to engage in international intelligence operations.

---

[1] P.L. 95-511, 92 Stat. 1783 as amended by the FISA Amendments Act of 2008, P.L. 110-261, 122 Stat. 2436.

17.    The Departments of Justice and State receive reports from the FBI, NSA, and CIA, based on those agencies' data and analysis.

18.    Section 702 also requires that foreign intelligence surveillance be conducted consistently with "minimization procedures." *Id.* § 1881a(e)(1). These procedures are designed to "minimize the acquisition and retention, and prohibit the dissemination, of nonpublicly available information concerning unconsenting United States persons," but in a manner still "consistent with the need of the United States to obtain, produce, and disseminate foreign intelligence information." *Id.* § 1801(h)(1). As relevant here, minimization procedures must be designed to ensure the anonymity of United States persons who may be incidentally surveilled. Id. § 1801(h)(1), (2).

19.    Generally, original raw intelligence is not circulated to other agencies; instead, intelligence reports are created and circulated internally. *See*, *e.g.*, Gregory Korte, *What is 'unmasking?' How intelligence agencies treat U.S. citizens*, USA Today, (Apr. 4, 2017; 2:14 p.m.), https://www.usatoday.com/story/news/politics/ 2017/04/04/ what-unmasking-how-intelligence-agencies-treat-us-citizens/100026368.    In the process of summarizing the intelligence, agencies exclude the names of U.S. citizens from the reports, referring to them instead with identifiers like "U.S. Person 1." *Id.*

20.    Approximately twenty individuals within the NSA—and others in the FBI and CIA—have authority to "unmask" the concealed identities, making an individual's previously masked name available in intelligence summaries. *See Id.* In that circumstance, anyone authorized to see the summaries will know the names of the United States persons involved.    While the unmasking itself is done only by

members of the agencies who handle raw intelligence, many of the individuals who have access to intelligence summaries have the authority to request unmasking if they deem the masked information important to understanding the intelligence. *Id.*

21.     The NSA also has the ability to search the internet data it collects by entering the name of an individual into a database search tool.  This process is known as "upstreaming" and has the effect of creating additional raw intelligence that may contain the names of American persons.  Such intelligence is also subject to the usual masking requirements and procedures.

22.     Following the 2016 Presidential election, Donald Trump's campaign formed a "transition team" designed to facilitate a smooth transition from the previous administration to the new one. See 3 U.S.C. § 102 note (authorizing transition team).  After the President-elect's transition team completed its work, news reports explained that names of transition team members had been unmasked in intelligence reports, upon requests from outgoing Obama administration political appointees.

23.     Some who have viewed the unmasked reports concerning transition team officials have said the reports contained little or no national security-related information. *See*, *e.g.*, Devin Nunes, Public Remarks on Incidental Collection of Trump Associates, House Intelligence Committee (Mar. 22, 2017), https://intelligence.house.gov/news/documentsingle.aspx?DocumentID=774.   This indicates that the unmasking may have been requested for illegitimate reasons—for example, to gain information about the transition team's plans or to embarrass or

compromise transition team officials.   Whatever the reasons, unmasking a U.S. citizen absent a national security justification violates internal regulations, federal law, and the Fourth Amendment.

24.   News reports—as well as a declassified Foreign Intelligence Surveillance Court (FISC) opinion—also note that some Americans had their names upstreamed, in violation of internal policies, during the 2016 election cycle, which the opinion described as a "serious Fourth Amendment issue." *See* Declassified FISC Court opinion at 19-20, available at http://bit.ly/FISCopApril2017; Circa News, *Obama intel agency secretly conducted illegal searches on Americans for years*, May 23, 2017), https://www.circa.com/story/2017/05/23/politics/obama-intel-agency-secretly-conducted-illegal-searches-on-americans-for-years.

25.   The intelligence agencies have adopted procedures to self-regulate their activities. On information and belief, at least two departments within the NSA handle complaints regarding the improper use of intelligence.   These departments are known publicly by the codes "S12," a code name apparently referring to the agency's Information Sharing Services authority, and "SV," a code name apparently referring to the agency's Oversight and Compliance authority.

## Plaintiff's efforts to obtain records via FOIA

26.     Plaintiff has attempted to obtain records from each of the Defendants—

and the Federal Bureau of Investigation, a part of Defendant Department of Justice—

via FOIA. As described more fully below, plaintiff sought records from all Defendants

on general procedures regarding unmasking and upstreaming, as well as information

on the following leaders and members of the Trump transition team:

     a.  Steve Bannon
     b.  Rep. Lou Barletta
     c.  Rep. Marsha Blackburn
     d.  Florida Attorney General Pam Bondi
     e.  Rep. Chris Collins
     f.  Rep. Tom Marino
     g.  Rebekah Mercer
     h.  Steven Mnuchin
     i.  Rep. Devin Nunes
     j.  Reince Priebus
     k.  Anthony Scaramucci
     l.  Peter Thiel
     m.  Donald Trump Jr.
     n.  Eric Trump
     o.  Ivanka Trump
     p.  Jared Kushner
     q.  Rep. Sean Duffy
     r.  Rep. Trey Gowdy
     s.  Rep. Dennis Ross
     t.  Pastor Darrell C. Scott
     u.  Kiron Skinner

### U.S. Department of Justice

27.     On August 3, 2017, Plaintiff sent a letter, attached to this complaint as

Exhibit A, to Defendant Department of Justice's FOIA office.  The letter requested

any information Defendant may have regarding the unmasking or upstreaming of

members of the Trump transition team.  Accordingly, the letter requested:

**1. All policies, procedures, and reports involving the process for unmasking, or requesting unmasking, including reports on any incidents of policy violations, from June 1, 2015 to February 1, 2017.**

**2. All documents concerning the unmasking, or any request for unmasking, of any person listed below, from June 1, 2015 to February 1, 2017:**

**<list of names in Paragraph 26, *supra*>**

**3. All documents concerning the upstreaming of the names of any individual listed in Question 2 above, from June 1, 2015 to February 1, 2017.**

**4. Copies of any materials sent in response to any inquiry from the House Intelligence Committee regarding unmasking from January 1, 2017 to August 1, 2017.**

28. By letter dated August 28, 2017 (Exhibit B), the Department advised Plaintiff that his FOIA request had been received and assigned Number 17-267.

29. On September 29—two weeks after the thirty-day statutory deadline, 5 U.S.C. § 552(a)(6)(A)—Plaintiff sent a follow-up letter requesting production within two additional weeks, by October 13. While the Department did contact Plaintiff by email on October 3 and October 20, the Department failed to produce any records or deny any portion of the request. Plaintiff also called the Department's FOIA office on October 4, but did not receive an estimate of when production will begin.

30. As of the date of this complaint, the Department has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that he may appeal any adequately specific adverse determinations.

31. Although more than thirty business days have passed since the Department received Plaintiff's FOIA request, the Department has not notified

Plaintiff as to whether it will fully comply with that request.  Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

32.    Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the Department has wrongfully withheld them.

### Office of Director of National Intelligence

33.    On August 16, 2017, Plaintiff sent a letter, attached to this complaint as Exhibit C, to the FOIA office of the DNI Office.  The letter requested any information Defendant may have regarding the unmasking or upstreaming of members of the Trump Transition Team.  Accordingly, the letter requested:

**1.  All policies, procedures, and reports involving the process for unmasking, or requesting unmasking, including reports on any incidents of policy violations, from June 1, 2015 to February 1, 2017.**

**2.  All documents concerning the unmasking, or any request for unmasking, of any person listed below, from June 1, 2015 to February 1, 2017:**

**<list of names in Paragraph 26, *supra*>**

**3.  All documents concerning the upstreaming of the names of any individual listed in Question 2 above, from June 1, 2015 to February 1, 2017.**

**4.  Copies of any materials sent in response to any inquiry from the House Intelligence Committee or other congressional committees regarding unmasking from January 1, 2017 to August 11, 2017**

34.    By letter dated September 13, 2017, the Office advised Plaintiff that his FOIA request had been received and assigned Number DF-2017-00368. (Exhibit D).

35.    On October 3—after the thirty-day statutory deadline, 5 U.S.C. § 552(a)(6)(A)—Plaintiff sent a follow-up letter requesting production by October 13.

Exhibit E. While the Office did contact Plaintiff by email on October 4, the Office failed to produce any records or deny any portion of the request. Indeed, the Office indicated it would not contact Plaintiff further until they had filled approximately 379 other requests, presumably from 2017 and past years.  This indicates the Office may not respond to the request until September or October of 2018. The agency did not respond to a request, sent on October 4, seeking additional information on the delay.

36.    As of the date of this complaint, the Office has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records the Office intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that he may appeal any adequately specific adverse determinations.

37.    Although more than thirty business days have passed since the Office received Plaintiff's FOIA request, the Office has not notified Plaintiff as to whether it will fully comply with that request.  Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

38.    Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the Office has wrongfully withheld them.

### National Security Agency

39.    On July 13, 2017, Plaintiff sent a letter, attached to this complaint as Exhibit F, to Defendant NSA's FOIA office.  The letter requested any information

Defendant may have regarding the unmasking or upstreaming of members of the Trump Transition Team.  Accordingly, the letter requested:

**1.  All policies, procedures, and reports involving the process for unmasking, or requesting unmasking, including reports on any incidents of policy violations, from June 1, 2015 to February 1, 2017.**

**2.  All documents concerning the unmasking, or any request for unmasking, of any person listed below, from June 1, 2015 to February 1, 2017:**

**<list of names in Paragraph 26, *supra*>**

**3.  All documents concerning the upstreaming of the names of any individual listed in Question 2 above, from June 1, 2015 to February 1, 2017.**

**4.  All reports made to S12 and SV regarding improper dissemination of any individual listed in Question 2, above. See National Security Agency, United States Signals Intelligence Directive 18, § 7.5 (January 25, 2011).**

40.    By letter dated July 21, 2017 (Exhibit G), the NSA advised Plaintiff that his FOIA request had been received and assigned Number 102112.  On August 3, Plaintiff sent a follow-up letter clarifying that the scope of his original request included similar requests that had been recently made by Devin Nunes, chairman of the House Intelligence Committee.

41.    The NSA denied portions of the Request—those relating to items 2, 3, and 4—and those requests are currently the subject of an administrative appeal. Exhibit H. However, that appeal has been pending since December 21, 2017 (Exhibit I), over twenty business days. As 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C) require the NSA to resolve appeals within twenty business days, Plaintiff has exhausted the applicable administrative remedies as to items 2, 3 and 4 of his Request.

42.     As to item 1 of the Request, the NSA produced certain records (Exhibit J), but has indicated more records may be forthcoming. *Id.*

43.     Thus, with respect to item 1, as of the date of this complaint, the NSA has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records the NSA intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that he may appeal any adequately specific adverse determinations.

44.     Although more than thirty business days have passed since the NSA received Plaintiff's FOIA request, the NSA has not notified Plaintiff as to whether it will fully comply with item 1 of that request.  Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

45.     Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the NSA has wrongfully withheld them.

### Federal Bureau of Investigation

46.     On July 13, 2017, Plaintiff sent a letter (Exhibit K) to the FBI's FOIA office.  The letter requested any information the FBI may have regarding the unmasking or upstreaming of members of the Trump Transition Team. The letter requested:

> **1. All policies, procedures, and reports involving the process for unmasking, or requesting unmasking, including reports on any incidents of policy violations, from June 1, 2015 to February 1, 2017.**

**2.  All documents concerning the unmasking, or any request for unmasking, of any person listed below, from June 1, 2015 to February 1, 2017:**

**<list of names in Paragraph 26, *supra*>**

**3.  All documents concerning the upstreaming of the names of any individual listed in Question 2 above, from June 1, 2015 to February 1, 2017.**

47.    By letter dated August 7, 2017, the FBI advised Plaintiff that his FOIA request had been received and that the first item had been assigned Number 1381842-000, and the second and third items had been assigned Number 1381851-000. Exhibit L.    On August 3, Plaintiff sent a follow-up letter, clarifying that the scope of his original request included similar requests that had been recently made by Devin Nunes, chairman of the House Intelligence Committee.

48.    On August 24, 2017, the FBI claimed that disclosing whether the named individuals were upstreamed or unmasked would constitute an invasion of the privacy of the named individuals. Exhibit M.    Despite plaintiff's explanation that release of the documents sought would not constitute an invasion of privacy, Exhibit N, the agency denied plaintiff's request assigned Number 1381851-000 on October 10, 2017. Exhibit O.

49.    Plaintiff timely appealed his request. That appeal has been pending since January 8, 2018 (Exhibit P). Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), which require the FBI to respond to an appeal within twenty business days, Plaintiff has exhausted the applicable administrative remedies.

50.    With respect to Request Number 1381842-000, on September 29—two weeks after the thirty-day statutory deadline, 5 U.S.C. § 552(a)(6)(A)—Plaintiff sent

a follow-up letter requesting production within two additional weeks, by October 13. While the FBI did mail a letter on October 10, the Bureau failed to produce any records or deny any portion of Request Number 1381842-000.

51.     As of the date of this complaint, the FBI has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records the FBI intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that he may appeal any adequately specific adverse determinations.

52.     Although more than thirty business days have passed since the FBI received Plaintiff's FOIA request, the FBI has not notified Plaintiff as to whether it will fully comply with that request.  Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

53.     Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552 (a)(3)(A), but the FBI has wrongfully withheld them.

**Central Intelligence Agency**

54.     On July 13, 2017, Plaintiff sent a letter (Exhibit Q) to Defendant CIA's FOIA office.  The letter requested any information Defendant may have regarding the unmasking or upstreaming of members of the Trump Transition Team. Accordingly, the letter requested:

> **1. All policies, procedures, and reports involving the process for unmasking, or requesting unmasking, including reports on any incidents of policy violations, from June 1, 2015 to February 1, 2017.**
>
> **2. All documents concerning the unmasking, or any request for unmasking, of any person listed below, from June 1, 2015 to February 1, 2017:**

Case 1:18-cv-00575   Document 1   Filed 03/14/18   Page 16 of 21


&lt;list of names in Paragraph 26, *supra*&gt;

3.  **All documents concerning the upstreaming of the names of any individual listed in Question 2 above, from June 1, 2015 to February 1, 2017.**

55.     On August 3, Plaintiff sent a follow-up letter, clarifying that the scope of his original request included similar requests that had been recently made by Devin Nunes, chairman of the House Intelligence Committee. By letter dated August 7, 2017 (Exhibit R), the CIA advised Plaintiff that his FOIA request had been received and that it had been assigned Number 102112.

56.     On September 29—over a month after the thirty-day statutory deadline, 5 U.S.C. § 552(a)(6)(A)—Plaintiff sent a follow-up letter requesting production within two additional weeks, by October 13.  While the CIA did send a response on October 11 (Exhibit S), the Agency failed to produce any records or deny any portion of the request.

57.     Indeed, the CIA informed Plaintiff that he should expect a response in August 2018—nearly a year after the statutory deadline. Exhibit S.

58.     As of the date of this complaint, the CIA has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records the CIA intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that he may appeal any adequately specific adverse determinations.

59.     Although more than thirty business days have passed since the CIA received Plaintiff's FOIA request, the CIA has not notified Plaintiff as to whether it

will fully comply with that request.  Thus, under 5 U.S.C. § 552 (a)(6)(A) and 5 U.S.C. § 552 (a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

60.     Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552 (a)(3)(A), but the CIA has wrongfully withheld them.

### U.S. Department of State

61.     On July 13, 2017, Plaintiff sent a letter (Exhibit T) to Defendant Department of State's FOIA office.  The letter requested any information Defendant may have regarding the unmasking or upstreaming of members of the Trump Transition Team.  Accordingly, the letter requested:

**1.  All policies, procedures, and reports involving the process for unmasking, or requesting unmasking, including reports on any incidents of policy violations, from June 1, 2015 to February 1, 2017.**

**2.  All documents concerning the unmasking, or any request for unmasking, of any person listed below, from June 1, 2015 to February 1, 2017:**

**<list of names in Paragraph 26, *supra*>**

**3.  All documents concerning the upstreaming of the names of any individual listed in Question 2 above, from June 1, 2015 to February 1, 2017.**

62.     By letter dated July 26, 2017, the Department advised Plaintiff that his FOIA request had been received and assigned Number F-2017-13872.  Exhibit U. On August 3, Plaintiff sent a follow-up letter clarifying that the scope of his original request included similar requests that had been recently made by Devin Nunes, chairman of the House Intelligence Committee.

63.     On September 29—over a month after the thirty-day statutory deadline,
5 U.S.C. § 552(a)(6)(A)—Plaintiff sent a follow-up letter requesting production within
two additional weeks, by October 13. Production has nonetheless not occurred.

64.     As of the date of this complaint, the Department has failed to: (i) produce
the requested records or demonstrate that the requested records are lawfully exempt
from production; (ii) notify Plaintiff of the scope of any responsive records the State
Department intends to produce or withhold and the reasons for any withholdings; or
(iii) inform Plaintiff that he may appeal any adequately specific adverse
determinations.

65.     Although more than thirty business days have passed since the
Department received Plaintiff's FOIA request, the Department has not notified
Plaintiff as to whether it will fully comply with that request.  Thus, under 5 U.S.C. §
552 (a)(6)(A) and 5 U.S.C. § 552 (a)(6)(C), Plaintiff has exhausted the applicable
administrative remedies.

66.     Plaintiff has a right of prompt access to the requested records under 5
U.S.C. § 552 (a)(3)(A), but the State Department has wrongfully withheld them.

## Count One: Freedom of Information Act

**Defendants are required to disclose all non-exempt records responsive to Plaintiff's Freedom of Information Act requests**

67.     Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint.

68.     FOIA's administrative exhaustion requirement required Defendants to determine whether to comply with Plaintiff's requests within the time limits set by FOIA—namely, within twenty business days or, in "unusual circumstances," within thirty business days. 5 U.S.C. § 552(a)(6)(A)–(B).  Accordingly, the CIA's, FBI's, NSA's and State Department's determinations were due, at the latest, on August 24, 2017. The Department of Justice's determination was due on September 15, 2017, and the Office of the Director of National Intelligence's determination was due on September 28, 2017.

69.     At a minimum, Defendants were obligated to: (i) gather and review the requested records; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendants intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific adverse determinations. See, e.g., *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

70.     With respect to the portions of Plaintiffs' FOIA requests noted above, Defendants did not perform any of the required activities by the applicable statutory deadlines.

71.     With respect to the two appeals, the NSA and FBI have both failed to evaluate Plaintiff's appeals within twenty business days.  Responses to both appeals were due prior to the filing of this suit—the NSA's on approximately January 29, and the FBI's on approximately February 7. 5 USC 552(a)(6)(A)(ii), (C)(i).

72.     Consequently, Plaintiff is deemed to have exhausted his administrative appeal remedies. 5 U.S.C. § 552 (a)(6)(A), (C)(i), (ii).

73.     Defendants' failure to release responsive non-exempt records violates FOIA, 5 U.S.C. § 522(a)(3)(A), as well as the regulations implementing FOIA.

74.     Plaintiff is entitled to receive all responsive non-exempt records from Defendants forthwith.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

A.  Order Defendants to conduct searches immediately for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request.

B.  Order Defendants to produce, by dates certain, any and all non-exempt records to Plaintiff's FOIA requests, and *Vaughn* indices of any responsive records withheld under claim of exemption;

C.  Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

D.  Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552 (a)(4)(E); and

E.  Grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

GENE C. SCHAERR (D.C. Bar No. 416638)
  *Counsel of Record*
MICHAEL T. WORLEY (D.C. Bar No. 1034367)*
SCHAERR | DUNCAN LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-duncan.com

*Application for Admission to this Court pending*